IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

Civil Action No. _____

LETHA KNOX,

    Plaintiff,

v.

LOWE'S HOME CENTERS, LLC,

    Defendant.

## NOTICE OF REMOVAL

Defendant Lowe's Home Centers, LLC ("Defendant"), by and through its undersigned counsel, Hall & Evans, LLC, hereby submits the following Notice of Removal of the above-captioned action from Scott County District Court, Iowa, to the United States District Court for the Southern District of Iowa pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c), stating as follows:

### I.    CONFERRAL

On May 23, 2023, undersigned counsel spoke with Michael Galvin, counsel for Plaintiff Letha Knox ("Plaintiff"). Plaintiff does not oppose removal to the United States District Court for the Southern District of Iowa

### II.    INTRODUCTION

1.    Plaintiff initiated this lawsuit on March 15, 2023 against Defendant in the District Court for the County of Scott, State of Iowa, captioned *Letha Knox v. Lowe's Home Centers, LLC*,

Civil Action No. LACE135968 and is now pending in that court (the "State Action"). *See* **Exhibit A**, Plaintiff's Petition.

2. Plaintiff alleges that on April 13, 2021, while shopping at the Lowe's store located at 3955 Elmore Avenue, Davenport, Scott County, Iowa, she fell in the store lavatory and suffered injuries. *See* **Exhibit A**, ¶¶ 2, 3.

3. Plaintiff's Petition alleges claims of Negligence. *Id.* at ¶¶ 6, 8.

### III.   COMPLIANCE WITH THE RULES

4. All procedural requirements related to the removal of this action have been satisfied.

5. Plaintiff served Defendant on May 4, 2023. *See* **Exhibit B.**

6. This Notice of Removal is filed within thirty (30) days of service of the Plaintiff's Petition on Defendant and is timely under 28 U.S.C. §§ 1441 and 1446(b).

7. A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiff's counsel.

8. Pursuant to 28 U.S.C. § 1446(a) and D.C.Iowa.L.Civ.R. 81(a), copies of the following process, pleadings, and orders that were served upon Defendant or filed in the State Action are attached as follows:

| | |
|---|---|
| **Exhibit A** | Petition at Law and Jury Demand |
| **Exhibit B** | Return of Service |
| **Exhibit C** | Civil Original Notice |
| **Exhibit D** | Jury Demand |
| **Exhibit E** | Notice of Filing Notice of Removal |

        **Exhibit F**    Iowa State Court Docket for Case LACE135968 (Scott)

        **Exhibit G**    Iowa Secretary of State Business Entity Summary

9.    Pursuant to D.C.Iowa.L.Civ.R 81(a)(2), Defendant states that no motions are currently pending.

10.    Pursuant to Fed.R.Civ.P. 81(c), Defendant will present its defenses by pleading at the time prescribed herein, and specifically reserves its rights to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

11.    Defendant has complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Iowa.L.Civ.R. 81.

## IV.    DIVERSITY JURISDICTION

12.    This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the Southern District Court of Iowa has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332.  Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.

### A.    THE PARTIES ARE CITIZENS OF DIFFERENT STATES

13.    There is complete diversity of citizenship between Plaintiff and Defendant. Plaintiff is a citizen of Scott County, Iowa.  *See* **Exhibit A**, ¶ 1.

14.    Defendant Lowe's is a citizen of North Carolina, a foreign corporation organized under the laws of the state of North Carolina with a principal place of business at 1000 Lowe's Blvd., Mooresville, NC 28117. *See* **Exhibit G,** Iowa Secretary of State Business Entity Summary.

A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 20 U.S.C. § 1332(c).

15. For purposes of Federal diversity jurisdiction, the parties are completely diverse. 28 U.S.C. § 1441(b).

**B.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

16. The amount in controversy may exceed $75,000 as required by 28 U.S.C. § 1332(a).[1] In the conferral with Plaintiff's counsel on May 23, 2023, Plaintiff is still working to determine her damages and, at this time, does not yet know the specific amount she seeks. To date, Plaintiff has not stipulated that the amount sought will be less than $75,000.

17. In their Petition, Plaintiff Letha Knox alleges that she has "sustained severe and permanent injuries, has suffered as a result of said injuries, and will continue to suffer in the future; has incurred medical expenses; and has been and will be restricted in the pursuit of ordinary activities and affairs." **Exhibit A**, ¶ 7.[2]

18. Because Plaintiff did not allege a specific amount in controversy, Defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000; "[t]he jurisdictional fact … is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are…." *Bell v. Hershey*, 557 F.3d 953, 885 (8th Cir. 2009) (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 20020).

19. When determining whether the amount in controversy exceeds $75,000 for removal purposes, the court may "consider a plaintiff's conduct and representations,

---

[1] Defendant does not concede or waive its right to contest Plaintiff's alleged damages.
[2] Defendant denies Plaintiff's allegations regarding her alleged damages and injuries.

including settlement offers by the plaintiff exceeding the jurisdictional amount, the plaintiff's refusal to stipulate that she would not demand more than the jurisdictional amount, or an extensive list of serious and disabling injuries suffered by the plaintiff." *See Neighbors v. Muha*, No. 05-472-CV-W-GAF, 2005 U.S. Dist. LEXIS 39821, at *6 (W.D. Mo. Sept. 26, 2005) (citing *Halsne v. Liberty Mut. Group*, 40 F.Supp.2d 1087, 1091 (N.D. Iowa 1999)); *see also Gillming v. J. Jill, LLC*, No. 06-0123-CV-W-JFG, 2006 U.S. Dist. LEXIS 54259, 2006 WL 2246431, at *2 (W.D. Mo. Aug. 4, 2006); *Jackson v. Fitness Res. Grp., Inc.*, No. 4:12 CV 986 DDN, 2012 U.S. Dist. LEXIS 96582, at *6 (E.D. Mo. July 12, 2012).

20.    When a defendant seeks Federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 554. A notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

21.    As stated above, there is no stipulation by Plaintiff that the amount sought is less than $75,000, and Plaintiff does not oppose the relief sought herein.  Based on Plaintiff's allegations of past and future physical pain and suffering, medical expenses, and restrictions of activities, the amount in controversy may likely exceed $75,000.00, satisfying the jurisdictional requirement set forth in 28 U.S.C. § 1332. *See Carville v. Sheraton Corp.*, No. 4:08CV01567 FRB, 2009 U.S. Dist. LEXIS 41358, *5-8 (E.D. Mo. May 15, 2009)(holding that the plaintiffs'

allegations of severe, permanent physical and mental injuries, alone, are sufficient to conclude that the amount in controversy for removal had been met).

22. Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000.00 for the purposes of this Motion, exclusive of interests and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

22. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Lowe's Home Centers, LLC respectfully requests that the action now pending in the Scott County District Court, Case No. LACE135968, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 24th day of May, 2023.

Hall & Evans, LLC

 s/ Frank H. Ingham
Lance G. Eberhart, Atty. No. AT0014624
Frank H. Ingham, Atty. No. AT0015376
HALL & EVANS, LLC
1001 17th St., Ste. 300
Denver, CO  80202
Telephone No.: 303-628-3300
E-mail:  eberhartl@hallevans.com
E-mail:  inghamf@hallevans.com
*Attorneys for Defendant
Lowe's Home Centers, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of May, 2023, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to parties or counsel registered through ECF. In addition, I hereby certify that I have served via electronic mail the forgoing document to the following non-CM/ECF participants:

*Counsel for Plaintiff:*

VANDERGINST LAW, P.C.
Michael J. Galvin, Esq.
4950 38th Ave.
Moline, IL 61265
Telephone: (309) 788-5297
Facsimile: (309) 517-3020
E-mail: m.galvin@vlaw.com

         *s/ Abbie Shaffer*
Abbie Shaffer, Legal Assistant
Hall & Evans, LLC
1001 17th St., Ste. 300
Denver, CO 80202
shaffera@hallevans.com